[No. 4,425.]

## HENRY DALTON *v.* BOARD OF WATER COMMISSIONERS OF AZUSA TOWNSHIP.

PROCEEDINGS TO ACQUIRE RIGHT OF WAY.—Proceedings, under a statute, to acquire a right of way for a water ditch are special proceedings, and the statute must be strictly pursued.

IDEM.—If a statute provides for a Board of Water Commissioners for a township, and permits them, upon a petition signed by a majority of persons liable to work on water ditches in the township, to institute proceedings to acquire the right of way for a new ditch, and the township is divided while such proceedings are pending, the new township created cannot continue the proceedings in its name, unless there is a provision in the Statute authorizing it.

APPEAL from the County Court, Los Angeles County.

The statute (Laws 1861, p. 31), provided for a Board of Water Commissioners in each township of the county of Los Angeles, and also declared what persons should be liable to work on water ditches. It further declared that the Board of Water Commissioners, upon receiving a petition from a majority of the persons in a township liable to work on water ditches in said township, must proceed to lay out the ditch, and then confer with persons over whose land it passed, and try to come to an agreement with them as to the right of way, and if they failed to agree, that such commissioners must appoint an arbitrator, and request the person whose land was to be taken, to appoint another, and if he failed to do so, that the County Judge must appoint a second, and the two a third, and the three must appraise the damages, and report their action to the County Court, which must act on their report, and confirm, or set it aside. Under this Act, a petition was presented to the Board of Water Commissioners of San José township, Los Angeles county, in 1871, to construct a new ditch for irrigation. The commissioners appointed an arbitrator, and Dalton having failed to appoint a second, the Judge made the appointment, and the two appointed a third. The arbitrators made their report to the County Court, and the same was confirmed. Dalton appealed to the Supreme Court, and that tribunal reversed the order of the County Court, upon

the ground that it did not appear that the commissioners had been unable to agree with Dalton.   In the meantime, San José township had been divided, and Azusa township had been created out of a part of it, and the latter township included some of Dalton's land, over which the ditch was to pass.   After the remittitur from the Supreme Court was filed, and July 10, 1873, the Board of Water Commissioners for Azusa township presented a supplemental petition to the County Judge, to continue the proceedings in the name of Azusa township, and asked him to appoint an arbitrator for Dalton.   The petition set forth that the Board of Water Commissioners for San José township had in fact attempted to agree with Dalton, and failed to do so, and it was accompanied by an affidavit of John W. Casey, that he was a member of said last named Board, and that an attempt was made to agree with Casey, which failed.   The County Judge appointed an arbitrator, who, in conjunction with two others, appointed as the law required, made an appraisal, and reported the same to the County Court, and the same was confirmed.   Dalton again appealed.

The other facts are stated in the opinion.

*A. Brunson,* for the Appellant.

*V. E. Howard & Sons,* for Respondents

By the COURT:

A petition signed by a "majority of the persons liable to work upon ditches in San José township," was presented to the Water Commissioners of that township praying that a new water ditch be opened—a portion of which would pass through the lands of Dalton.   Before the right of way over the lands of Dalton was acquired, Azusa township was created out of a portion of San José township.   The Board of Water Commissioners of Azusa township filed a supplemental petition, for the purpose of continuing in its name, the proceedings which had been instituted by the Board of Water Commissioners of San José township, for the purpose of acquiring the right of way over the lands of Dalton.   It

does not appear that a petition was presented to the Board of Water Commissioners of Azusa township, signed by a majority of persons liable to work on water ditches in that township.

The proceedings to acquire the right of way are special proceedings, and the statute must be strictly pursued. There is no provision in the statute authorizing a township, created as Azusa township was, to continue proceedings initiated by the Commissioners of the township out of which the new township was carved. Proceedings must be commenced by the new township, the first step being the presentation of a petition signed by the requisite number of persons in that township.

Order reversed and cause remanded, with directions to dismiss the proceedings.